UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR A. TAPIA BARAJAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3862 |
| | § | |
| MARCO ANTONIO ACOSTA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Certification ("Motion") (Doc. No. 25). After considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be granted.

### I. BACKGROUND

Defendants own and operate Mexican restaurants and food trucks in Houston, Texas. Plaintiffs, former employees of Defendants, allege that Defendants committed numerous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay their employees minimum wage and overtime. The declarations submitted by Plaintiffs show that each of them regularly worked more than forty hours per week and were paid in amounts ranging from $350 to $475. (Mot. at 3 & nn.6–7 (and affidavits cited therein).) Their pay did not change depending on the number of hours they worked in a week, and they did not receive overtime pay. (*Id.* at 2 & n.3 (and affidavits cited therein).) Many employees were regularly scheduled to work seventy-two hours per week. (*Id.* at 2 & n.2 (and affidavits cited therein).) For this work, they received approximately $450 each week, thus being paid approximately $6.25 per hour, in violation of FLSA's minimum wage provisions. (*Id.*)

Plaintiffs seek to represent a class of individuals that they describe in the Complaint as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who were not paid at the minimum wage and were not paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

(Compl. ¶ 26.)

Plaintiffs filed this Motion, seeking to conditionally certify the proposed class and send notice to the potential class members. Defendants object to conditional certification, arguing that Plaintiffs have not identified any potential plaintiffs who wish to opt into the lawsuit, and that Plaintiffs' proposed notice and method of disseminating this notice are unacceptable.

## II. LEGAL STANDARD

The FLSA requires that an employer pay each employee a minimum wage set by the Act. 29 U.S.C. § 206(a). Additionally, under § 207(a) of the FLSA, covered employers are required to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. Section 216(b) provides a right of action for employees against employers who violate §§ 206 and 207. Similarly situated employees can "opt-in" to a lawsuit under § 206(a) or § 207(a) to benefit from a judgment. *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007).

Courts recognize two methods for determining whether to conditionally certify a class and authorize notice to similarly-situated employees: the spurious class action *Shushan* approach, or the two-step *Lusardi* approach. *Aguirre v. SBC Communications, Inc.*, No. H-05-3198, 2006 WL 964554, at *4 (S.D. Tex. April 11, 2006) (citing *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). The Fifth

Circuit has not determined which method is more appropriate, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), but most courts use the *Lusardi* approach. *Aguirre*, 2006 WL 964554, at *4. *See also Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA.").

Under the first step of the *Lusardi* analysis, courts decide whether to issue notice to potential class members. *Aguirre*, 2006 WL 964554, at *5. Specifically, "[t]he first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Id.* at *6; *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) (quoting *Maynor v. Dow Chem. Co.*, No. G-07-504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)). "'A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Aguirre*, 2006 WL 964554, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 507 (M.D. La. 2005)). A court also "has the power to modify an FLSA collective action definition on its own" if the proposed class definition does not encompass only similarly situated employees. *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, CIV. A. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005)).

As the court's decision at this first step is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification. *Id.* Indeed, as discovery usually has not been conducted at this stage, courts do not review the underlying merits of the action in determining whether to conditionally certify. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010). However, "[s]ome factual support for the complaint allegations of class-wide policy or practice must be shown to authorize notice." *Maynor*, 2008 WL 2220394, at *6; *see also Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) ("[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.") Courts have favored collective actions where a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, as a collective action proceeding "reduce[s] litigation costs for the individual plaintiffs and create[s] judicial efficiency." *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 823 (N.D. Tex. 2007) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Once a court conditionally certifies a class, the case proceeds as a collective action during discovery. *Aguirre*, 2006 WL 964554, at *5 (citing *Mooney*, 54 F.3d at 1214). At the second stage of the analysis, the defendant moves to "decertify" the conditionally-certified class. *Id.* (citing *Mooney*, 54 F.3d at 1214). The court then must make a factual determination as to whether the employees are similarly situated; if it so finds, the collective action may proceed. *Id.* Alternatively, if the court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed with their individual claims. *Id.* (citing *Mooney*, 54 F.3d at 1214).

## III. ANALYSIS

### A. Desire to Opt In to the Lawsuit

Defendants do not argue that Plaintiffs have failed to satisfy the first two requirements of conditional certification, providing a reasonable basis for assuming that other aggrieved individuals exist and showing that the proposed class is comprised of people similarly situated to the plaintiffs. Rather, Defendants assert that conditional certification should be denied because Plaintiffs have not identified other potential plaintiffs who may wish to join the lawsuit.

Many courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in. *See, e.g.*, *Jesiek*, 275 F.R.D. at 247 ("Plaintiff's failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010) ("The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit."). Other courts require a showing of at least a few individuals who want to join. *See, e.g.*, *Simmons v. T-Mobile*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) ("The Court concludes that a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit. Others' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice of a conditionally certified class of claimants in a collective action.").

If such a requirement does exist, Plaintiffs have met it. Over twenty Plaintiffs have opted in to date, sixteen of whom have joined since the inception of this lawsuit. (Mot. at 3; Reply at 3.) *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010) ("This litigation has already attracted six plaintiffs. The plaintiffs have produced sufficient evidence to

show that other aggrieved [employees] . . . would want to join the collective action."); *Prater*, 2007 WL 4146714, at *8. Defendants urge the Court to deny the Motion because "[n]one of the affidavits [attached to the Motion] are from persons who are *potential plaintiffs*." (Resp., Doc. No. 39, at 3.) Potential class members should not be denied the chance to obtain notice about this lawsuit solely because so many of the potential class members who have been contacted to date decided to join the case now, rather than waiting for the Court's ruling on conditional certification.

Additionally, in their affidavits, Plaintiffs identify other individuals would likely opt into the lawsuit. (Mot. at 6 & n.31 (and affidavits cited therein).) Defendant objects, urging the Court to disregard these statements because they often include only the first names of individuals who wish to join the collective action or because they are hearsay based on conversations with these individuals. For purposes of this Motion and determining whether other potential plaintiffs exist, the Court will consider these sworn statements. Plaintiffs have adequately established that other individuals may wish to join this action if they receive notices.

### B. Posting Notice and First Amendment Concerns

Plaintiffs request the Court's approval not only to mail the proposed notice to class members, but also to post it at each of Defendants' locations, in an area visible to all employees. Plaintiffs assert that posting the notice is necessary because they believe that Defendants failed to keep adequate records. Defendants provide no evidence or assurances to the contrary. However, Defendants object to posting a notice, stating that requiring them to post the notice would constitute compelled speech in violation of the First Amendment.

As Plaintiffs note, posting a notice in the workplace is a method often used to inform employees of their rights in labor disputes. *See, e.g.*, *Hoffman Plastic Compounds, Inc. v.*

*N.L.R.B.*, 535 U.S. 137, 152 (2002). However, in *Hoffman*, the defendant did not challenge the sanctions. *See id.* Neither party cites to any other cases where a court considered the First Amendment concerns involved in requiring posting of court-approved notices.

Assuming that Defendants' First Amendment rights are implicated by posting a court-approved notice, the Court finds that this notice does not violate those rights. First Amendment rights are not absolute, especially with respect to the commercial speech at issue here in Defendants' restaurants. Regulation of commercial speech is constitutional where (1) the state asserts a substantial government interest, (2) the regulatory technique is in proportion to that interest, and (3) the interest could not "be served as well by a more limited restriction." *Central Hudson Gas and Electric Corp. v. Public Service Comm.,* 447 U.S. 557, 564 (1980).

In a case involving notice to potential class members under Rule 23(c) of the Federal Rules of Civil Procedure, the Northern District of Georgia found "a substantial interest in assuring that the goals and requirements of the Federal Rules of Civil Procedure concerning class actions be implemented to protect the due process rights of all parties." *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 552 (N.D. Ga. 1992). The Court finds that the notice in this case similarly advances the substantial interest in advancing the "broad remedial goal" of the FLSA. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). As in *In Re Domestic Air Transp. Antitrust Litig.*, the notice informs potential plaintiffs of the action and their rights to join the lawsuit. The notice will not prejudice the rights of Defendants, and it does not purport to assert their position about the litigation. *See Lake Butler Apparel Co. v. Sec'y of Labor*, 519 F.2d 84, 89 (5th Cir. 1975) ("The posting of the notice does not by any stretch of the imagination reflect one way or the other on the views of the employer."). The proposed notice does not directly attribute any speech to Defendants, but rather contains the case caption at the top and

states that "THIS IS A NOTICE FROM THE COURT." (Doc. No. 25-1 at 2.) Moreover, while Defendants complain that the notice will be disseminated to members of the general public, the Court orders only that it must be posted in a location visible to all employees. This location need not be public, but may be a location that only employees can access. Accordingly, the Court finds that Defendants' First Amendment rights are not violated through Court-ordered posting of this notice.

### C. Changes to Proposed Notice

Defendants first ask this Court to modify the notice to include a statement that Plaintiffs may be held liable for costs associated with this lawsuit. However, Defendants' request "unnecessary and potentially confusing, and thus should not be included." *Sexton v. Franklin First Fin., Ltd.*, 08-CV-04950 JFB ARL, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009). As one court stated:

> Given the remote possibility that such costs for absent class members would be other than de minimis, and the absence of any showing by defendants that counterclaims are likely to be meaningful in this case, I think such language is inappropriate. It may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.

*Guzman v. VLM, Inc.*, 07-CV-1126 (JG) (RER, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) *order clarified*, 07-CV-1126 JG RER, 2008 WL 597186 (E.D.N.Y. Mar. 2, 2008). This is especially true here, as Defendants have not asserted any counterclaims and provide no reason why Plaintiffs would be liable for any substantial costs.

Defendants also object to the proposed sentence under the heading "What is this about?" that states, "For example, Plaintiffs allege that if they worked 72 hours during a workweek, they received a single weekly payment with no overtime and less than the minimum wage for every hour worked." (Doc. No. 25-1 at 1.) The Court finds this sentence confusing as well, as it is

unclear whether potential plaintiffs also must have worked 72 hours a week to join the lawsuit. The sentence should be modified to state, "Plaintiffs allege that they worked more than forty (40) hours in a workweek but received only a single weekly payment, with no overtime pay and less than the minimum wage for every hour worked."

### IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion is **GRANTED IN PART**. Plaintiffs should modify their proposed notice as stated above in Part III.C. Plaintiffs must provide Defendants with an updated copy of the notice containing these changes within seven days, and Defendants must post the notice in an area visible to all employees for 45 days. Defendants are required, within seven days, to provide all names and addresses for current and former employees within the potential class. Plaintiffs' request for an opt-in period of 45 days is granted.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 30th of May, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE