**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDGAR A. TAPIA BARAJAS, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-11-3862** |
| | § | |
| **MARCO ANTONIO ACOSTA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants Lorena Acosta and Claudia Acosta's Motion for Partial Summary Judgment (Doc. No. 52) and Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 55).  After considering the Motions, all responses thereto, and the applicable law, the Court concludes that the Motions should be **DENIED**.

## I.      BACKGROUND

Defendant Marco Acosta owns and operates TaconMadre Taquerias, Inc., Jonathan Enterprise, Inc. d/b/a TaconMadre Mariachi & Grill, Ernesto Enterprise Corp. d/b/a TaconMadre Mariachi & Grill (collectively "TaconMadre restaurants").  Defendants Lorena Acosta and Claudia Acosta are both on the Board of Directors of TaconMadre Taquerias, Inc.  (Doc. No. 57, Pls.' Resp. to Defs. Lorena Acosta's and Claudia Acosta's Mot. for Partial Summ. J., Ex. V, TaconMadre Taquerias, Inc. Articles of Incorporation.)[1]  Lorena Acosta is also an incorporator and secretary of Jonathan Enterprise, Inc. and Ernesto Enterprise Corp.  (Doc. No. 57, Ex. W, Jonathan Enterprise, Inc. Articles of Incorporation; Doc. No. 57, Ex. X, Ernesto Enterprise Corp. Articles of Incorporation.)

---

[1] The Court will refer to TaconMadre Taquerias, Inc., Jonathan Enterprise, Inc. d/b/a TaconMadre Mariachi & Grill, Ernesto Enterprise Corp. d/b/a TaconMadre Mariachi & Grill, Marco Acosta, Lorena Acosta, and Claudia Acosta collectively as "Defendants."

1

Plaintiffs, former cooks and servers in the TaconMadre restaurants, contend that Lorena Acosta and Claudia Acosta also managed the TaconMadre restaurants, supervised employees' day-to-day job duties, disciplined and terminated employees, and determined salaries for employees.  (Pls.' Resp., ¶¶ 7–14; Doc. No. 57, Exs. A–T, Pls.' Decls.)  In their declarations, Plaintiffs recount instances of Claudia and Lorena Acosta firing employees, disciplining employees for the quality of their cooking and for tardiness, verifying that employees arrived for their shifts, and deducting employees' pay for absences and training days, failure to wear uniforms, and missing inventory, among other things.  (Pls.' Resp., ¶¶ 7–14; Pls.' Resp., Ex. S, Elida Cardona Decl. ¶ 3; Pls.' Resp., Ex. T, Carlos Martinez Decl. ¶ 4; Pls.' Resp.,  Ex. U, Jose Delgado Decl. ¶ 5.)

Lorena Acosta and Claudia Acosta deny that they ever had the authority to hire or fire employees, that they ever determined the rate of pay for employees, or that they ever set or had any control over employees' work schedules.  (Doc. No. 52, Ex. A, Lorena Acosta Aff ¶¶ 2–4; Doc. No. 52, Ex. B., Claudia Acosta Aff. ¶¶ 2–4.)  Lorena Acosta contends that she performs "generic clerical work" for the TaconMadre restaurants.  (Doc. No. 52, Ex. A, Lorena Acosta Aff. ¶ 1.)  Claudia Acosta claims that she works as a "cook, cashier, and supplier of produce and food product" for the TaconMadre restaurants.  (Doc. No. 52, Ex. B., Claudia Acosta Aff. ¶ 1.)

Plaintiffs allege that Defendants committed numerous violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay their employees minimum wage and overtime compensation.  (Pls.' Mot., ¶¶ 8–30.)  In support of their argument, Plaintiffs submit declarations providing that each of them regularly worked more than forty hours per week and was paid in amounts ranging from $350 to $535.  (*See generally* Doc. No. 55, Ex. A–

R, Pls.' Decls.)[2]  Their pay did not change depending on the number of hours they worked in a week, and they did not receive overtime pay.  (*See generally id.*)   Many of them were regularly scheduled to work twelve-hour shifts, six or seven days a week.  (*See generally id.*)

Defendants concede that Plaintiffs are entitled to some amount of unpaid minimum wages and overtime, but dispute the salary and hours worked figures provided by Plaintiffs. (Doc. No. 58, Defs.' Resp. to Pls.' Mot. for Partial Summ. J. ¶ 3; *compare* Doc. No. 58, Ex. A, Lorena Acosta Aff. ¶ 3 *with* Doc. No. 55, Ex. A–R, Pls.' Decls.)  In support of their salary and hours worked figures, Defendants cite to an affidavit by Lorena Acosta, which provides salary and hours worked figures for Plaintiffs.  (Defs.' Resp. ¶¶ 10–27; Doc. No. 58, Ex. A, Lorena Acosta Aff. ¶ 3.)   The information in Lorena Acosta's affidavit is purportedly based on her review of the payroll records for the TaconMadre restaurants.  (*See* Doc. No. 58, Ex. A, Lorena Acosta Aff. ¶ 3.)[3]

Lorena Acosta and Claudia Acosta filed a Motion for Partial Summary Judgment, arguing that they should be dismissed from the lawsuit because they are not "employers" under the FLSA.  (Defs. Lorena Acosta and Claudia Acosta's Mot. ¶ 8.)  Plaintiffs also filed a Motion for Partial Summary Judgment, seeking a determination that Defendants owe Plaintiffs a combined total of $351,407.88 in unpaid wages and overtime compensation.  (Pls.' Mot. ¶ 30.)[4]

## II.   LEGAL STANDARD

To grant summary judgment, a court must find that the pleadings and evidence show that no genuine issue of material fact exists, and that the movant is therefore entitled to judgment as a

---

[2] One Plaintiff, Maria Servin, declared that, one week, she received as little as $150 when Marco Acosta and Claudia Acosta docked her pay because a coworker had stolen money.  (Doc. No. 57, Ex. K, Servin Decl. ¶ 4.)

[3] The payroll records have not been presented to the Court.

[4] The weekly salaries and hours worked figures used in reaching this total are set out in Plaintiffs' Motion.  (Pls.' Mot. ¶¶ 11–30.)  The Court has noticed some discrepancies between the figures used in Plaintiffs' Motion and the figures in Plaintiffs' affidavits.  (*Compare* Pls.' Mot. ¶ 27 *and* Doc. No. 55, Ex. P., Juan Hernandez Decl. ¶ 5; Pls.' Mot. ¶ 28 *and* Doc. No. 55, Ex. Q., Maribel Morales Decl. ¶ 5.)

matter of law.  Fed. R. Civ. P. 56.  The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, the party need not negate the elements of the nonmovant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  *Id.*  If the moving party meets this burden, the nonmoving party must then go beyond the pleadings to find specific facts showing there is a genuine issue for trial.  *Id.*  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted) (internal quotation marks omitted).

"Facts and inferences reasonably drawn from those facts should be taken in the light most favorable to the non-moving party."  *Nichols v. Enterasys Networks, Inc.,* 495 F.3d 185, 188 (5th Cir. 2007).  Courts may not make credibility determinations or weigh the evidence.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence.  Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996) *see also Little*, 37 F.3d at 1075 (noting that a nonmovant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  *Little*, 37 F.3d at 1076 (citation omitted) (internal quotation marks omitted).  A court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts.  *Id.* at 1075.

## III.   ANALYSIS

### A.   Defendants Lorena Acosta and Claudia Acosta's Motion for Partial Summary Judgment

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203. The Fifth Circuit applies the "economic reality" test to determine whether an individual is an employer. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at 355 (quoting *Williams v. Henegan*, 595 F.3d 610, 615 (5th Cir. 2010)). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012) (quoting *Gray*, 673 F.3d at 355). "Whether a person is an employer under the FLSA is a question of law, although subsidiary findings are of fact." *Solis v. Universal Project Mgmt., Inc.*, No. H–08–1517, 2009 WL 4043362, at *2 (S.D. Tex. Nov. 19, 2009); *see also Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) ("We review the district court's ultimate conclusion that Charles Cranford is an 'employer' *de novo* and review the court's subsidiary findings for clear error.").

Defendants Lorena Acosta and Claudia Acosta argue that the factual record in this case clearly establishes that neither of them are employers for the purposes of the FLSA. The sole pieces of evidence in support of their argument are their own affidavits. (*See generally* Defs. Lorena Acosta and Claudia Acosta's Mot.) The affidavits are a mere six sentences, consisting of a brief description of their roles at the TaconMadre restaurants and attestations that they do not

"have authority to hire or fire employees", "do no and have not determined the rate of pay for employees," and "do not and have not had any control over or set employees' work schedules."

In response, Plaintiffs point to their own declarations to show that genuine issues of material fact exist as to whether Claudia Acosta and Lorena Acosta are employers under the FLSA.  (Pls.' Resp., Exs. A–T, Pls.' Decls.)  Virtually all of them contend that Claudia Acosta controlled their wages.  (Pls.' Resp., Exs. A–M, R, S, Pls.' Decls.)  At least one Plaintiff contends that Lorena Acosta also had control over his salary together with Claudia Acosta.  (Pls.' Resp., Ex. A, Juan Carlos Perez Ajanel Decl. ¶ 2.)  Another Plaintiff also declares that Claudia Acosta hired him.  (Pls.' Resp., Ex. F, Carlos Martinez Decl. ¶ 2; Pls.' Resp., Ex. T, Ex. F, Carlos Martinez Decl. ¶ 2.)  Plaintiffs also indicate that they had witnessed both Claudia Acosta and Lorena Acosta monitoring whether employees showed up on time; disciplining them for tardiness; supervising the cooks, checking the registers, and ensuring employees were wearing their uniforms; disciplining employees for poor performance; maintaining a notebook of employees' salaries; deducting from employees' wages for various reasons; paying employees, and firing people.  (Pls.' Resp., Ex. S, Cardona Decl. ¶ 3; Pls.' Resp., Ex. T, Martinez Decl. ¶ 4; Pls.' Resp., Ex. U, Delgado Decl. ¶ 5.)

Together, these declarations raise genuine questions of fact as to each prong of the "economic realities" test.  *See Gray*, 673 F.3d at 354.  As to the first prong, one Plaintiff declares that he was hired by Claudia Acosta, and others declare that they witnessed both Claudia Acosta and Lorena Acosta firing people.  Plaintiffs' declarations also provide numerous examples of both Claudia Acosta and Lorena Acosta controlling employees' schedules and conditions of employment, by disciplining them for tardiness, monitoring their cooking, verifying the registers, and ensuring everyone was wearing uniforms.  Plaintiffs also provide evidence of Claudia

Acosta and Lorena Acosta having control over the rate and method of payment; their affidavits indicate that they witnessed both Claudia Acosta and Lorena Acosta make deductions to employees' salaries and actually pay them their weekly salaries.   Finally, the notebook in which Claudia Acosta and Lorena Acosta allegedly recorded employees' salaries serves as evidence that they each maintained employment records, the final factor of the "economic realities" test.

Lorena Acosta and Claudia Acosta attempt to dismiss Plaintiffs' declarations by arguing that they only contain conclusory allegations that Lorena Acosta "had control over the details of my work, including my pay" and Claudia Acosta "had control over the details of my work" and "had control over my salary."  (Defs. Lorena Acosta and Claudia Acosta's Reply, ¶¶ 3, 5.)  The Court does not agree with this characterization.  As discussed above, Plaintiffs' declarations provide numerous first-hand accounts of actions taken by both Lorena Acosta and Claudia Acosta that would support a finding that they are employers under the FLSA.

Lorena Acosta and Claudia Acosta also argue that Martinez, Delgado and Cardona each submitted two declarations, the first of which never mentioned Lorena Acosta.  (Defs. Lorena Acosta and Claudia Acosta's Reply, ¶ 3.)  They also point out that four of the Plaintiffs who submitted declarations never claim that Claudia Acosta controlled their wages.  (*Id.* ¶ 6.)  Both of these arguments go to the credibility and weight of Plaintiffs' declarations.  Of course, this Court cannot make credibility determinations or weigh the evidence at the summary judgment stage. *Reeves*, 530 U.S. at 150.

In view of the foregoing, Defendants Lorena Acosta and Claudia Acosta's Motion for Partial Summary Judgment (Doc. No. 52) must be **DENIED**.

**B.**     **Plaintiffs' Motion for Partial Summary Judgment**

The FLSA requires that an employer pay each employee a minimum wage of at least $7.25 per hour.  29 U.S.C. § 206(a)(1)(C).  Additionally, an employer is required to compensate each employee at a rate not less than one and one-half times their regular rate for each hour over forty the employee works per week.  29 U.S.C. § 207(a)(1).  An employee's regular rate of pay is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed."  *York v. City of Wichita Falls, Tex.*, 48 F.3d 919, 921 (5th Cir. 1995) (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945)).  If an employee is paid a weekly salary, that employee's regular hourly rate is determined by dividing the total salary in any workweek by the total number of hours the salary is intended to compensate.  29 C.F.R. § 778.113(a).

Section 216(b) provides a right of action for employees against employers who violate Sections 206 and 207.  However, any claim for unpaid minimum wages or unpaid overtime wages must be "commenced within two years after the cause of action accrue[s] . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrue[s]."  29 U.S.C. § 255(a).  Under the FLSA, an action is commenced "on the date when the complaint is filed, if [the employee] is specifically named as a party plaintiff in the complaint" or if the employee is not named as a party plaintiff, "on the subsequent date on which such written consent is filed in the court in which the action was commenced."  29 U.S.C. § 256(a). (b); *see also Muhammad v. GBJ, Inc.*, No. H–10–2816, 2011 WL 863785, at *2 (S.D. Tex. March 9, 2011) (recognizing that " there was specific legislative intent that ordinary FLSA opt-in plaintiffs not have their filing dates relate back to the date of the original complaint for statute of limitations purposes.")  A violation is willful if the "employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute."  *Singer v. City of*

*Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (citing *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)); *Mireles v. Frio Foods*, 899 F.2d 1407, 1416 (5th Cir. 1990) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  A plaintiff bears the burden of showing that an FLSA violation was willful.  *Stokes v. BWTX Pantex, L.L.C.*, 424 Fed. App'x 324, 326 (5th Cir. 2011).

Plaintiffs contend that no genuine issue of material fact exists as to Defendants' failure to pay Plaintiffs minimum wage and overtime compensation.  (Pls.' Mot., ¶ 7.)  In support of their argument, they rely entirely on declarations by the Plaintiffs detailing their weekly salaries throughout their employment at the TaconMadre restaurants.  (*See generally* Pls.' Mot.)

Defendants concede that Plaintiffs are entitled to some unpaid minimum wages and overtime compensation.  (Defs.' Resp., ¶ 3.)  However, they dispute the amount of unpaid wages and overtime compensation Plaintiffs are entitled to.  They point out that Plaintiffs have presented no evidence that the Defendants' violations of the FLSA were willful.  (*Id.* ¶ 7.)  They also present entirely different weekly salaries for each of the Plaintiffs.  (*Compare id.* ¶¶ 10–26 *with* Pls.' Mot. ¶¶ 12–28.)[5]  In support of their salary numbers, they cite an affidavit by Lorena Acosta, who contends that she has reviewed the payroll records of the TaconMadre restaurants. (Defs.' Resp., Lorena Acosta Aff. ¶ 3.)

The Court agrees with Defendants that summary judgment is not appropriate.  First, Plaintiffs' salary calculations appear to include all unpaid minimum wages and overtime compensation from the start of every Plaintiffs' employment.  (*See* Pls.' Mot. ¶¶ 12–28.)  Some of these employees began working at the TaconMadre restaurants as early as 2006, 2007, and 2008.  (*See, e.g.*, Pls.' Mot., Ajanel Decl. ¶ 2; Pls.' Mot., Rosa Vasquez Decl. ¶ 2.)  Plainly, any

---

[5] Defendants also contend that they have no record of one Plaintiff, Carlos A. Xiloj, ever working at the TaconMadre restaurants.  (Defs.' Resp., ¶ 27.)

violations of the FLSA in 2006, 2007, and most of 2008 are well outside the statute of limitations, as the named Plaintiffs filed this action on November 2, 2011. (Doc. No. 2, Compl.) Second, Defendants correctly note that Plaintiffs offer no evidence indicating that Defendants violated the FLSA willfully. Accordingly, unpaid wages and overtime compensation violations that occurred more than two years before the commencement of the suit for named plaintiffs or more than two years before the time unnamed plaintiffs filed their consent forms are outside the statute of limitations. Finally, Plaintiffs and Defendants do not agree on the weekly salary figures Plaintiffs were paid during the relevant time periods. The Court has no means by which to reconcile the different salary figures in Plaintiffs' declarations and Defendant Lorena Acosta's affidavit, making it impossible to calculate the amount of unpaid wages and overtime compensation due to Plaintiffs.

Based on the foregoing, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 55) must be **DENIED**.

IV.     **CONCLUSION**

Defendants Lorena Acosta and Claudia Acosta's Motion for Partial Summary Judgment (Doc. No. 52) and Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 55) are **DENIED**.


**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of December, 2012.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE